THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DARON JOHNSON & DEBORA JOHNSON,<br><br>                        Plaintiffs,<br><br>v.<br><br>JASON NAULT, DOES I-V, and ROES CORPORATIONS VI-X, inclusive,<br><br>                        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [24] AND [26] MOTIONS IN LIMINE**<br><br>Case No. 4:20-cv-00060-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action arises from a car accident which occurred in Parowan, Utah. Plaintiffs Daron Johnson and Debora Johnson ("Plaintiffs") allege personal injuries resulting from that car accident. Defendant Jason Nault ("Mr. Nault") has filed two motions in limine:[1]

- Defendant's Motion in Limine No. 1 Re: Future Damages ("Motion to Preclude Future Damages");[2]

- Defendant's Motion in Limine No. 3 re: Exclusion of Plaintiffs' Experts Under Rule 702 ("Motion to Preclude Experts").[3]

For the following reasons, the Motion to Preclude Future Damages and the Motion to Preclude Experts are DENIED.

---

[1] Mr. Nault has filed a third Motion in Limine which will be addressed in a separate order.

[2] Docket no. 24, filed March 23, 2022. The full briefing includes Plaintiffs' Opposition to Defendant's Motion in Limine no. 1 re: Future Damages, docket no. 29, filed April 14, 2022, and Defendant's Reply Memorandum in Support of Motion in Limine no. 1 re: Future Damages, docket no. 37, filed May 5, 2022.

[3] Docket no. 26, filed March 23, 2022. The full briefing includes Plaintiffs' Opposition to Defendant's Motion in Limine No. 3 re: Exclusion of Plaintiffs' Experts Under Rule 702, docket no. 31, filed April 14, 2022, and Reply in Support of Defendant's Motion in Limine no. 3 re: exclusion of Plaintiff's Experts under Rule 702, docket no. 39, filed May 5, 2022.

**Plaintiff's failure to designate an expert or other witness to discount future damages to present value does not merit exclusion of future damages**

Mr. Nault moves to exclude Plaintiffs from presenting evidence of future damages because Plaintiffs have failed to present expert testimony or disclose evidence showing a reduction of future damages to present value. Mr. Nault argues that any evidence of future damages must be excluded. Federal law does not require a plaintiff to present evidence on reduction of future damages to present value. Accordingly, the Motion will be denied.

Discounting of future damages to present value involves application of both state and federal law. Whether or not future damages should be reduced to present value is a substantive issue.[4] Accordingly, that specific question is controlled by Utah state law. Utah courts require future damages to be discounted to present value.[5] However, "like other questions of procedure and evidence,"[6] *the type of evidence needed* to justify a jury instruction on reduction of present value is controlled by the law of the forum.[7] Because the forum of this action is federal court, federal law determines what evidence is required to justify a jury instruction, as well as which party is required to present that evidence.[8]

Under federal law, expert testimony is not required to reduce an award of future damages to present value.[9] The law in federal courts is that when "neither party provides competent evidence of the inflation rate or the discount rate, the district court [or the jury] must make a

---

[4] *See Curtis v. Makita, Inc.*, No. C06-1171JLR, 2008 WL 11343618, at *1 (W.D. Wash. Apr. 7, 2008).

[5] *Gallegos ex rel. Rynes v. Dick Simon Trucking, Inc.*, 110 P.3d 710, 714 (Utah App. 2004).

[6] *Chesapeake & O. Ry. Co. v. Kelly*, 241 U.S. 485, 491, 36 S. Ct. 630, 632, 60 L. Ed. 1117 (1916).

[7] *Curtis*, 2008 WL 11343618, at *1 (W.D. Wash. Apr. 7, 2008).

[8] *Miller v. Union Pac. R. Co.*, 900 F.2d 223, 226 (10th Cir. 1990).

[9] *See id.*

lump sum award that is not adjusted for either factor."[10] Furthermore, another court in the Tenth Circuit held it is the defendant's burden, not the plaintiff's, to produce evidence to establish the discount rate.[11] Therefore, Mr. Nault is incorrect that Plaintiffs' failure to disclose evidence or testimony concerning discount of future damages precludes future damages.

Even if Utah law applied to the presentation of evidence at issue, Utah courts would likely not preclude evidence of future damages. As a Committee Note to the Utah Model Jury Instructions states,[12] Utah law is silent on (a) whether the plaintiff or the defendant bears the burden of proving present cash value; and (b) whether expert testimony is necessary before a jury is charged to calculate present cash value.[13] Although Utah state courts have noted reduction of future value to present value is "almost impossible" for a jury without assistance of a "mathematically computed table," that does not necessarily mean expert testimony is required to allow future damages in Utah.[14] Utah courts have, for example, allowed a jury to consider annuity tables and related data to calculate reduction of future damages to present value.[15]

For these reasons, Mr. Nault's Motion to Preclude Future Damages is DENIED.

---

[10] *Id.* (quoting *Alma v. Manufacturers Hanover Trust Co.*, 684 F.2d 622, 626 (9th Cir.1982) (alteration in original)).

[11] *Fenstermacher v. Telelect, Inc.*, No. CIV. A. 90-2159-O, 1992 WL 175114, at *4 (D. Kan. July 17, 1992). This is consistent with *Curtis,* 2008 WL 11343618, at *1 ("It is the defendant's obligation to present evidence about present value . . . .")

[12] Mr. Nault's contention that the Utah Model Jury Instructions have little persuasive value is belied by the Utah Court of Appeals' citing of the instructions in a similar case. *See Gallegos*, 110 P.3d at 714.

[13] Model Utah Jury Instruction 2nd Ed. CV2021, Committee Notes.

[14] *Phillips v. Dull*, No. 2:13-CV-384-PMW, 2017 WL 2589150, at *2 (D. Utah June 13, 2017) (quoting *Bennett v. Denver & Rio Grande W. R. Co.*, 213 P.2d 325, 328 (Utah 1950)).

[15] *Pauly v. McCarthy*, 184 P.2d 123, 127-129 (Utah 1947).

### Mr. Nault's challenges to Plaintiffs' experts go to the weight, not the admissibility, of their testimony.

Mr. Nault challenges three of Plaintiffs' medical experts, Dr. Casey Bachinson, Dr. Steven Factor, and Dr. Francis Yubero, under Federal Rules of Evidence 702 and *Daubert*.[16] Drs. Bachinson, Factor, and Yubero intend to testify to the diagnosis of, cause of and the future cost of Plaintiffs' injuries. Mr. Nault argues that the three doctors did not have sufficient facts and data to make their conclusions because their review consisted of reviewing the medical records provided to them by Plaintiffs, covering the time period from shortly after the accident to the present. Mr. Nault also argues that the experts' opinions are not reliable because they did not personally examine Plaintiffs. Because Mr. Nault's arguments go to the weight, not the admissibility, of the experts' opinions, the motion will be denied.

A district court has a "gatekeeper role" in determining whether to admit expert testimony.[17] In fulfilling that role, a court must evaluate whether experts are qualified, whether an expert's methods are reliable, and whether the proposed testimony is relevant.[18] The "proponent of expert testimony bears the burden of showing that the testimony is admissible."[19] However, an expert's admissibility is evaluated with the understanding that a court's role "is not to second-guess well qualified and highly trained medical experts on difficult judgment calls within their field of expertise."[20] When dealing with expert testimony that is "shaky but admissible," the proper attack of that testimony is through presentation of contrary evidence,

---

[16] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[17] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

[18] *Id*.

[19] *Graystone Funding Co., LLC v. Network Funding, L.P.*, No. 219CV00383JNPCMR, 2022 WL 1063734, at *1 (D. Utah Apr. 8, 2022) (quoting *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013)).

[20] *Goebel v. Denver & Rio Grande W. R. Co.*, 346 F.3d 987, 993–94 (10th Cir. 2003).

vigorous cross examination, and careful instruction on the burden of proof, not wholesale exclusion.[21]

Mr. Nault's challenges to the materials the experts reviewed does not justify the experts' preclusion. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross examination."[22] Mr. Nault suggests that it was improper that the experts only relied on medical records that were provided to them by the plaintiff and that the experts based their opinions on "typical care of other patients, rather than on the particular injuries and needs of [Plaintiffs]."[23] These arguments are attacks on the factual basis of the expert opinions. Plaintiffs' medical experts reviewed extensive records, including five years of medical reports, the police report of the accident, and photographs of the accidents.[24] These materials are sufficient to meet the requirements of Rule 702(b), and a medical expert's choice to not examine a patient does not preclude testimony on that patient's injuries.[25] For example, the Third Circuit has opined that an expert's credibility in rendering a diagnosis or causation opinion is not necessarily diminished by a failure to physically examine a patient.[26] Mr. Nault's contentions that the experts should have examined the plaintiffs personally go to the weight and credibility of the testimony, not its reliability or sufficiency.

---

[21] *North v. Ford Motor Co.*, 505 F. Supp. 2d 1113, 1118 (D. Utah 2007).

[22] *Chavez v. Marten Transp., Ltd*., No. CIV. 10-0004 MV/RLP, 2012 WL 988011, at *3 (D.N.M. Mar. 22, 2012) (quoting *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 970 (8th Cir.1996)).

[23] Motion to Preclude Experts at 9.

[24] Orthopedic Spine Surgeon Expert Opinion of Casey Bachinson, MD ("Bachinson Report,"), Exhibit 2 to Motion to Preclude Experts, docket no. 26-2, filed March 23, 2022; Neurologist Expert Opinion of Steven Factor, MD ("Factor Report"), Exhibit 4 to Motion to Preclude, docket no. 26-4, filed March 23, 2022; Physical Medicine and Rehabilitation Physician Expert Opinion of Francis Yubero, MD ("Yubero Report"), Exhibit 6 to Motion to Preclude Experts, docket no. 26-6, filed March 23, 2022.

[25] *See Watson v. Taylor*, No. 05-2014-JPO, 2006 WL 6901064, at *4 (D. Kan. July 31, 2006).

[26] *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 807 (3d Cir. 1997).

Similarly, Mr. Nault's argument that the experts did not consider all of Plaintiffs' past medical records does not render their opinions inadmissible. Mr. Nault has "has cited no case supporting his argument that an expert's failure to consider all prior medical records renders the expert's opinion inadmissible."[27] While it is unclear whether the experts had access to all of Plaintiffs' prior medical records, they were aware of Plaintiffs' relevant medical history. All three experts recited Plaintiff's medical history and explained in their reports the factual basis for their opinions. When an expert is at least aware of a patient's pertinent medical history, that is sufficient to pass the 702(b) prong, and any further concerns "can be resolved on the witness stand in front of a jury."[28]

Finally, Mr. Nault contends Dr. Factor did not follow applicable standards because he failed to conduct a neuropsychological examination of Ms. Johnson. Mr. Nault does not cite to any neutral source as evidence of these standards, but rather cites to his own expert, Dr. Duff, to provide a standard in evaluating neuropsychological trauma. Dr. Duff's only mention of applicable standards is when he opines it is standard to *recommend* a neuropsychological evaluation if a patient is having sustained cognitive difficulties.[29] Criticism of Dr. Factor's treatment of Plaintiffs do not make his diagnostic opinions unreliable. Dr. Duff does criticize Dr. Factor for diagnosing Ms. Johnson with concentration difficulties without conducting a neuropsychological examination, but he never opines such an examination is necessary or that failure to conduct such an examination is contrary to recognized standards or makes diagnosis impossible.[30]

---

[27] *Randolph v. QuikTrip Corp.*, No. 16-1063-JPO, 2017 WL 2181120, at *2 (D. Kan. May 18, 2017).

[28] *Rivera v. United States*, No. EP-15-CV-00021-KC, 2017 WL 3393464, at *4 (W.D. Tex. Feb. 21, 2017).

[29] Review of Records by Kevin Duff, PhD, ABPP ("Duff Report"), Exhibit 5 to Motion to Preclude Experts, docket no. 26-5, filed June 8, 2022, at 12.

[30] *Id*. at 12-13.

Accordingly, Mr. Nault's Motion to Preclude Plaintiff's Experts is DENIED.


## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Motion to Preclude Future Damages[31] is DENIED;

2. The Motion to Preclude Experts[32] is DENIED.


Dated June 17, 2022.

BY THE COURT:

David Nuffer
United States District Judge

---

[31] Docket no. 24, filed March 23, 2022.

[32] Docket no. 26, filed March 23, 2022.