IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARON JOHNSON and DEBORA JOHNSON,<br><br>          Plaintiffs,<br><br>v.<br><br>JASON NAULT, DOES I-V, and ROES CORPORATIONS VI-X, inclusive,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [25] MOTION IN LIMINE**<br><br>Case No. 4:20-cv-00060-TC-PK<br><br>District Judge Tena Campbell<br>Magistrate Judge Paul Kohler |

Defendant's Motion in Limine No. 2 Re: Failure to Timely Disclose Damages[1] seeks to exclude evidence of late-disclosed special damages and all future damages in this action arising from a car accident in Parowan, Utah.  Plaintiffs Daron and Debora Johnson allege personal injuries resulting from the accident, which occurred September 6, 2015, at the intersection of 200 South and Main Street in Parowan.

## BACKGROUND

1.      Plaintiffs provided their initial disclosures on August 10, 2020.[2]

2.      The computation of damages section of the initial disclosures for Daron Johnson stated that Mr. Johnson was seeking $102,397.80 in special medical damages and that he was

> still treating at this time and is not aware of what future medical expenses will be for her [sic] injuries. In order to satisfy the disclosure of any future medical expenses an estimate of up to $1,000,000 may be incurred. Plaintiff will supplement this response once more definitive numbers have been obtained."[3]

---

[1] ECF No. 25, filed March 23, 2022.

[2] Plaintiffs' Rule 26 Initial Disclosures, Exhibit 1 to Motion, ECF No. 25-1, filed March 23, 2022.

[3] Plaintiffs' Rule 26 Initial Disclosures at 10.

3.     The computation of damages section of the initial disclosure for Deborah Johnson identified only $12,725.00 in special medical expenses and general damages and did not identify any future damages.[4]

4.     On September 22, 2020, in response to an interrogatory seeking damages information, Plaintiffs stated:

> As any estimate regarding future expenses requires expert opinions, Plaintiffs will supplement this response and provide disclosures in a timely manner pursuant to the Federal Rules of Civil Procedure and any order of this Court. Plaintiffs are not aware of what future medical expenses will be for their injuries. In order to satisfy the disclosure of any future medical expenses, an estimate of up to $1,000,000 may be incurred. Plaintiffs will supplement this response once more definitive numbers have been obtained.[5]

5.     In that same set of responses to interrogatories, Plaintiffs also responded to a request for "details of all special or other damages claimed . . . as a result of the subject accident, including the name of the provider, the date of service and the amount of the damages being claimed":

> See Plaintiffs' Initial Disclosures and any supplements thereto. Also, see medical and billing records previously produced. Plaintiffs reserve the right to supplement their disclosures as additional information is obtained and if additional treatment is needed.[6]

6.     The last agreed fact discovery deadline was June 21, 2021.[7]  It was previously set for February 24, 2021.[8]

7.     On May 24, 2021, Plaintiffs filed their Second Supplement to their Rule 16 Initial Disclosures, which identified $114,628.67 in special damages for Mr. Johnson and $58,600.26 in

---

[4] Id. at 11.

[5] Motion ¶ 8 at 3 (citing Plaintiffs Daron Johnson & Deborah Johnson's Responses to Defendant Jason Nault's First Set of Discovery Requests to Plaintiffs, Exhibit 2 to Motion, ECF No. 25-2, filed March 23, 2022, at p. 8).

[6] Id. at 11.

[7] Third Amended Scheduling Order, ECF No. 19, filed June 25, 2021.

[8] Scheduling Order, ECF No. 11, filed July 17, 2020.

special damages for Ms. Johnson.[9]  As to future damages for each Plaintiff, the Second

Supplement stated:

> [The Plaintiff] is still treating at this time and is not aware of what future medical
> expenses will be for . . . injuries. In order to satisfy the disclosure of any future medical
> expenses an estimate of up to $1,000,000 may be incurred. Plaintiff will supplement this
> response once more definitive numbers have been obtained.[10]

8.      Defendant deposed Mr. Johnson on May 24, 2021, and Ms. Johnson on May 25,

2021.[11]

9.      Less than a month later, on June 21, 2021, the last day of fact discovery under the

Third Amended Scheduling Order,[12] Plaintiffs provided a third supplement to their initial

disclosures in which they identified $282,713.31 in special medical damages claimed for Mr.

Johnson and $147,791.09 in special medical damages claimed for Ms. Johnson.[13]

10.     The new special damages that Plaintiffs disclosed in the June 21, 2021,

supplement were for medical expenses from various providers that the Plaintiffs had incurred

from 2015 to 2020.[14]

11.     Plaintiffs collected records and bills from 17 providers for Mr. Johnson and 12

providers for Ms. Johnson.[15]

---

[9] Plaintiffs' Second Supplement to Their Rule 26 Initial Disclosures, Exhibit 4 to Motion, ECF No. 25-4, filed March 23, 2022, at 13–15.

[10] Id. at 14–15.

[11] Motion ¶ 12 at 4.

[12] Third Amended Scheduling Order.

[13] Plaintiffs' Second Supplement to Their Rule 26 Initial Disclosures, Exhibit 4 to Motion, ECF No. 25-4, filed March 23, 2022, at 13–15.

[14] Motion ¶ 15 at 4.

[15] Plaintiffs' Opposition to Defendant's Motion in Limine No. 2 at 4.

12.      Plaintiffs claim that as they collected records and bills for past medical expenses, they disclosed them.[16]

13.      Plaintiffs did not disclose any information during fact discovery regarding how their alleged future damages would be calculated.[17]

14.      On July 5, 2021, Plaintiffs disclosed the expert reports of Dr. Bachinson,[18] Dr. Factor,[19] and Dr. Yubero.[20] Collectively, the reports state that Plaintiffs are seeking $727,330 in future damages for Mr. Johnson and $1,161,950 in future damages for Ms. Johnson.[21]

15.      The deadline for disclosure of Plaintiffs' expert reports was July 28, 2021.[22]

16.      The record contains no communications between counsel regarding the subject of this motion in limine.[23]

17.      Defendant did not depose Plaintiffs' experts.[24]

18.      By further stipulations to amend the case schedule, the deadline for expert discovery was extended to January 24, 2022,[25] and then to February 24, 2022.[26]

19.      This motion in limine was filed March 23, 2022.

---

[16] Opposition ¶ 10 at 2.

[17] Motion ¶ 17 at 5.

[18] Report of Casey Bachinson, MD, Exhibit 2 to Defendant's Motion in Limine No. 3 Re: Exclusion of Plaintiffs' Experts Under Rule 702, ECF No. 26-2, filed March 23, 2022.

[19] Report of Steven Factor, MD, Exhibit 4 to Defendant's Motion in Limine No. 3 Re: Exclusion of Plaintiffs' Experts Under Rule 702, ECF No. 26-4, filed March 23, 2022.

[20] Report of Francis Yubero, MD, Exhibit 6 to Defendant's Motion in Limine No. 3 Re: Exclusion of Plaintiffs' Experts Under Rule 702, ECF No. 26-6, filed March 23, 2022.

[21] Motion ¶ 18 at 5.

[22] Third Amended Scheduling Order.

[23] Opposition ¶ 6 at 3.

[24] Id. ¶ 10 at 3.

[25] Fourth Amended Scheduling Order, ECF No. 21, filed September 2, 2021.

[26] Fifth Amended Scheduling Order, ECF No. 23, filed November 18, 2021.

20.     Plaintiffs signed and delivered medical releases to Defendant and provided

contact information for providers.[27]

After briefing was complete, an order was issued requiring parties to meet and confer and

to provide information: Plaintiffs were to provide the dates of receipt of each provider's bill and

Defendant was to provide the date of requests it made to medical providers and the dates of

receipt of the bills.[28]  On June 13, 2022, Plaintiffs provided the dates of receipt of the providers'

bills and the dates they disclosed those bills to Defendant.[29]  That same day, Defendant provided

the dates he requested records about Defendant's injuries and the dates he received those

records.[30]  It appears that Defendant received the most recent records in late June 2021.

## DISCUSSION

### Duties of Counsel

To set the groundwork for this decision, review of general and specific principles is

necessary.

**The Rule 1 Directive:** The foundation of the court's decision and the parties' actions is

Rule 1's mandate that the rules "should be construed, administered, and employed by the court

and the parties to secure the just, speedy, and inexpensive determination of every action and

proceeding."  This is a comprehensive command to understand, interpret, and apply the rules for

the benefit of *resolution*.  It is not an abstract directive.  And it is directed to all participants—the

court and the parties.  Litigation is not the goal; resolution is the goal.

---

[27] Opposition ¶ 10 at 2.

[28] Order Taking Under Advisement [25] Defendant's Motion in Limine No. 2 Re: Failure to Timely Disclose Damages, ECF No. 44, filed June 3, 2022.

[29] Plaintiffs' Supplemental Opposition to Defendant's Motion in Limine No. 2 Re: Failure to Timely Disclose Damages, ECF No. 46, filed June 13, 2022.

[30] Supplemental Reply in Support of Defendant's Motion in Limine No. 2 Re: Failure to Timely Disclose Damages, ECF No. 45, filed June 13, 2022.

**Discussion to Resolve Issues:** The Local Rules for the District of Utah instruct that "[t]he parties must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26-37 before seeking court assistance."[31] This is broader than the requirement of Fed. R. Civ. P. 37(d)(1) that "[a] motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." The local rule requires that *any dispute* arising under all discovery rules be addressed first between the parties.

The requirement for counsel to work together is consistent with their duties under Rule 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding."

**Duties of Disclosure and Supplementation—and Remedies.**

**Duty of Disclosure:** A party must initially disclose "a computation of each category of damages claimed . . . ."[32] A "party's initial disclosure should provide 'the best information then available to it concerning that claim, however limited and potentially changing it may be.'"[33]

**Duty of Supplementation**: Parties must supplement their disclosures.

(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.[34]

---

[31] DUCivR 37-1(a).

[32] Fed. R. Civ. P. 26(a)(1)(iii).

[33] Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 241 (D. Nev. 2017) (quoting Moore's Federal Practice, § 26.22[4][c][i] (3d ed. 2016)).

[34] Fed R. Civ. P. 26(e)(1).

**Failure to Disclose:** Rule 37 provides a self-executing sanction for failure to disclose or supplement—the party is not allowed to use that information or witness.

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 37 also allows, on motion, additional or substitute sanctions for failures to disclose:

> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> (B) may inform the jury of the party's failure; and

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).[35]

### Was there a failure to disclose?

**Special Damages:** Defendant objects to the provision of complete special damages calculations *at the end* of the fact discovery period.

> Plaintiffs' disclosure of approximately $270,000 in additional past medical specials *on the very last day of fact discovery* was also untimely, harmful, and unjustified. Plaintiffs prevented defendants from conducting any fact discovery at all regarding these new damages because there was no time to issue subpoenas or take fact depositions of the newly identified treating physicians when the disclosure was made on the last day of fact discovery.[36]

**Future Damages:** Defendant objects to the provision of specific future damages calculations *after the end* of the fact discovery period, in the expert reports.

> Plaintiffs withheld these computations and disclosed them for the first time *after the close of fact discovery* in Plaintiffs' expert reports. This is a clear violation of the timing requirements set forth in Rule 26(a)(iii) which had the effect in this case of preventing defendants from conducting any fact discovery to investigate

---

[35] Fed. R. Civ. P. 37(c)(1).

[36] Defendant's Reply Memorandum in Support of Motion in Limine No. 2 Re: Failure To Disclose, ECF No. 38, filed May 5, 2022, at 3 (emphasis added).

the computations of alleged future damages and the evidentiary materials upon which they are based.[37]

Defendant argues that failure to fully supplement these damages until the close of fact discovery, a deadline which had been amended several times, means the damages disclosures were untimely.  But "[t]here is no bright line rule that such supplementation is improper if made after the expert disclosure deadline or even after the close of discovery."[38]  Certainly, it is preferable to disclose those damages during the period so that the veracity of the damages can be explored.  But Rule 26(a) and Rule 26(e)(1) only requires that damages are disclosed based on the information reasonably available to the party, and then supplemented in "a timely manner" after the initial disclosures.[39]  The key inquiry is whether a party timely disclosed and supplemented its damages when the information becomes reasonably available to it.[40]

The records provided by Plaintiffs upon request indicate that the medical records, and the corresponding special damages those records revealed, were disclosed to Defendant shortly after Plaintiffs received them.  Except for two bills—a record from Southern Hills Hospital and Medical Center for $43,622 and a record from William Muir Spine Surgery for $10,235—all records were disclosed either on the date of initial disclosures or within 10 days of receipt by Plaintiffs.[41]  The bills from Southern Hills Hospital and William Muir Spine Surgery were disclosed three months and one month after receipt, respectively.  There is also no indication that Plaintiffs delayed disclosure of the amount of future damages.  Instead, Plaintiffs provided a

---

[37] Reply at 2 (emphasis added).

[38] Silvagni, 320 F.R.D. at 241.

[39] Fed. R. Civ. P. 26.

[40] Silvagni, 320 F.R.D. at 241.

[41] Dates of Receipt and Disclosure for Medical Bills for Plaintiff Daron Johnson, Exhibit 1 to Plaintiffs' Supplemental Opposition, ECF No. 46-1, filed June 13, 2022; Dates of Receipt and Disclosure for Medical Bills for Plaintiff Deborah Johnson, Exhibit 2 to Plaintiffs' Supplemental Opposition, ECF No. 46-2, filed June 13, 2022.

rough estimate of future damages in initial disclosures and a more specific disclosure after their experts were able to conduct a future damage analysis.

**Was the failure to timely disclosed justified or harmless?**

Even assuming Plaintiffs did not timely disclose their damages, including the bills from Southern Hills Hospital and William Muir Spine Surgery and the expert reports on future damages, those late disclosures were justified and harmless. When a court considers whether a delay was justified or harmless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[42] The Tenth Circuit has cautioned that this framework must be discussed by the trial judge, and that lesser sanctions than dismissal of claims should be examined.[43] Lesser sanctions may be especially appropriate in situations like this one, where denying an entire spectrum of damages would be wasteful and lead to denying a large part of the losses.

First, there is little prejudice or surprise to Defendant. The last of these challenged disclosures was made in June 2021. Defendant has been aware of the timing of these disclosures for almost a year. He has been able to review the disclosures and is presumably aware of their contents. There is minimal prejudice or surprise in allowing this evidence.

Second, there is little ability now to cure the prejudice. Yet had this motion been brought sooner, any prejudice to Defendant caused by the untimely disclosures could have been easily

---

[42] Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

[43] HCG Platinum, LLC v. Preferred Prod. Placement Corp., 873 F.3d 1191 (10th Cir. 2017).

remedied.  The difficulty in resolving these issues is a function of the late time in which Defendant brought this motion.

Third, allowing Defendant to cure the prejudice would certainly disrupt trial.  But once again, this issue is largely a function of Defendant's delayed motion.  When the potential issue arose, it was well over a year before trial.  Had Defendant raised this issue at the relevant time, any prejudice could have been cured without disruption to trial.

Fourth, there is no evidence of bad faith or willfulness on the part of Plaintiffs.  A review of the timeline of disclosure reveals that most records were disclosed to Defendant either at the start of discovery or within 10 days of their receipt.  Contrary to Defendant's arguments, the disclosures suggest there was no effort to sandbag his preparation for trial.  Instead, it appears that Plaintiffs largely disclosed the records as soon as they were available.

Here, two factors favor exclusion, and two factors favor inclusion.  Yet both factors that favor exclusion exist because of Defendant lying in wait and failing to act consistent with Rule 1 and DUCivR 37-1.  While Defendant correctly notes that showing harmlessness is not his burden, counsel's failure to raise this issue for almost *a year* cannot be ignored.  Counsel cannot in good faith assert that they will be prejudiced by this issue being resolved so close to trial, when the timing of this motion was controlled by them.  There is no reason to think that that this issue could not have been raised and easily resolved near the time discovery closed. Instead, defense counsel chose to wait until close to trial to raise the issue.  There is no indication that Defendant sought a stipulation to extend fact discovery, but there is every indication that the parties regularly cooperated in stipulations to amend the case schedule.

> [T]he discovery process should be marked by the practical cooperation of counsel to move the case beyond the discovery phase to summary judgment motions and trial so that

10

the matter can be adjudicated on its merits.  The parties themselves have a duty to work cooperatively . . . ."[44]

"[L]itigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits."[45] Granting a motion to exclude Plaintiffs' evidence where the reasons supporting exclusion were in large part caused by defendant's actions, would "incentivize defendants to shirk [their] duties and to instead focus their efforts on laying the groundwork for a later motion to exclude."[46]  Accordingly, the motion will be denied.

<u>**CONCLUSION AND ORDER**</u>

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion[47] is DENIED.

DATED this 1st day of July, 2022.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

---

[44] <u>Silvagni</u>, 320 F.R.D. at 243.

[45] <u>Gillum v. United States</u>, 309 F. App'x 267, 270 (10th Cir. 2009) (unpublished).

[46] <u>Silvagni</u>, 320 F.R.D. at 243.

[47] ECF No. 25, filed March 23, 2022.

11